ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR LEGAL ADVICE FROM THIS OFFICE. PLEASE UNDERSTAND, HOWEVER, THAT THIS LETTER IS NOT A FORMAL, BINDING OPINION OF THE ATTORNEY GENERAL, AS SUCH A FORMAL OPINION HAS NOT BEEN REQUESTED BY YOU. RATHER THIS RESPONSE SHOULD BE CONSIDERED AN INFORMAL LETTER FROM THE AUTHOR TO YOU.
IN YOUR LETTER YOU INQUIRE:
 1. UNDER THE PROVISIONS OF 17 O.S. 177 (1981), AS AMENDED BY S.B. 384, WOULD THOSE WHO CONSUME PRODUCTS OR USE SERVICES PROVIDED BY COMPANIES REGULATED BY THE CORPORATION COMMISSION, AS OPPOSED TO THOSE WHO ACTUALLY OWN AND OPERATE SUCH ENTERPRISES OR MAKE THEIR LIVING PRACTICING OR WORKING AT THE CORPORATION COMMISSION, BE ELIGIBLE TO MAKE CAMPAIGN CONTRIBUTIONS OUTSIDE ONE HUNDRED TWENTY (120) DAY WINDOW PERIOD AS PROVIDED FOR IN THE ACT?
 2. WOULD A DISCLAIMER ON A FUND RAISING MAILING BY A CORPORATION COMMISSIONER, ADVISING THOSE INDIVIDUALS WHO ARE SUBJECT TO THE REGULATION OF THE CORPORATION COMMISSION OR WHO OWN STOCK IN BUSINESSES REGULATED BY THE COMMISSION OF THE LEGAL LIMITATIONS ON THEIR CAMPAIGN CONTRIBUTIONS, SATISFY THE PROHIBITION AGAINST A COMMISSIONER KNOWINGLY ACCEPTING AN ILLEGAL CONTRIBUTION PURSUANT TO 17 O.S. 177, AS AMENDED BY S.B. 384?
TITLE 17 O.S. 177 SETS PARTICULAR LIMITATIONS ON THE CAMPAIGN CONTRIBUTIONS A CORPORATION COMMISSIONER MAY RECEIVE. SECTION 177 WAS AMENDED BY S.B. 384 IN THE 1988 LEGISLATIVE SESSION. SECTION 177, AS AMENDED PROVIDES:
 "NO PERSON WHO IS SUBJECT TO THE REGULATIONS OF THE CORPORATION COMMISSION, OR HAS ANY INTERESTS IN ANY FIRM, CORPORATION OR BUSINESS WHICH IS SUBJECT TO REGULATION BY THE CORPORATION COMMISSION SHALL FURNISH TRANSPORTATION, PRESENTS OR GRATUITIES OTHER THAN AS PROVIDED BY THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT TO AN MEMBER OF THE CORPORATION COMMISSION OR ANY EMPLOYEE THEREOF; PROVIDED, HOWEVER, DURING A PERIOD BEGINNING ONE HUNDRED TWENTY (120) DAYS PRIOR TO A PRIMARY ELECTION, THROUGH ONE HUNDRED TWENTY (120) DAYS FOLLOWING THE GENERAL ELECTION, ANY PERSON MAY MAKE CONTRIBUTIONS NOT OTHERWISE PROHIBITED BY THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT TO THE COST OF ANY CURRENT CANDIDATE'S POLITICAL CAMPAIGN. IT SHALL BE UNLAWFUL FOR ANY SUCH MEMBER OR EMPLOYEE TO KNOWINGLY ACCEPT ANY SUCH TRANSPORTATION, PRESENTS OR GRATUITIES FROM ANY SUCH PERSON, FIRM OR ASSOCIATION."
(EMPHASIS ADDED)
THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT, AS SET FORTH AT 72 O.S. 4200 (1988) ET SEQ., MERELY PROVIDES GUIDELINES FOR THE TYPES AND AMOUNTS OF CONTRIBUTIONS CANDIDATES FOR PUBLIC OFFICE MAY ACCEPT AND DOES NOT DIRECTLY RELATE TO THE ISSUES YOU HAVE RAISED.
WITH REGARD TO YOUR FIRST QUESTION THE KEY PHRASE IN 17 O.S. 177, AS AMENDED BY S.B. 384, IS "(N)O PERSON WHO IS SUBJECT TO THE REGULATIONS OF THE CORPORATION COMMISSION". IN TRYING TO ASCERTAIN THE SCOPE OF THIS LANGUAGE, WE TURN TO THE VARIOUS PROVISIONS GOVERNING THE OKLAHOMA CORPORATION COMMISSION WHICH ARE SET FORTH IN ARTICLE IX, SECTION 15 ET SEQ. OF THE OKLAHOMA CONSTITUTION AND TITLE 17 O.S. 1 ET SEQ. OF THE OKLAHOMA STATUTES. ARTICLE IX, SECTION 18 PROVIDES IN PERTINENT PART:
 "THE COMMISSION SHALL HAVE THE POWER AND AUTHORITY AND BE CHARGED WITH THE DUTY OF SUPERVISING, REGULATING AND CONTROLLING ALL TRANSPORTATION AND TRANSMISSION COMPANIES DOING BUSINESS IN THIS STATE, IN ALL MATTERS RELATING TO THE PERFORMANCE OF THEIR PUBLIC DUTIES AND THEIR CHARGES THEREFOR, AND OF CORRECTING ABUSES AND PREVENTING UNJUST DISCRIMINATION AND EXTORTION BY SUCH COMPANIES; AND TO THAT END THE COMMISSION SHALL, FROM TIME TO TIME, PRESCRIBE AND ENFORCE AGAINST SUCH COMPANIES, IN THE MANNER HEREINAFTER AUTHORIZED, . . ."
(EMPHASIS ADDED)
TITLE 17 O.S. 1 ET SEQ, AS AMENDED, ESTABLISHES THE COMMISSION'S REGULATORY JURISDICTION OVER THE FOLLOWING TYPES OF ENTITIES: COTTON GINS, OIL AND GAS, RAILROAD COMPANIES, TELEPHONE COMPANIES, WATER, HEAT, LIGHT AND POWER COMPANIES, AND THE PUBLIC UTILITIES.
YOUR INQUIRY, HOWEVER, REFERS TO THOSE INDIVIDUALS WHO MERELY CONSUME PRODUCTS OR USE SERVICES WHICH ARE, IN TURN, PROVIDED BY COMPANIES THAT ARE REGULATED BY THE CORPORATION COMMISSION. THE LEGISLATURE HAS CLEARLY DISTINGUISHED BETWEEN THE INDIVIDUAL CONSUMER AND THOSE WHO ACTUALLY OWN STOCK IN OR OPERATE COMPANIES AND CORPORATIONS WHICH ARE REGULATED BY THE COMMISSION. THE FORMER WOULD INCLUDE VIRTUALLY EVERYONE IN THE STATE OF OKLAHOMA WHO HAS PHONE, GAS, AND/OR ELECTRICAL SERVICES PROVIDED TO THEIR HOME. IT IS IMPLAUSIBLE THAT 177, AS AMENDED BY S.B. 384, WAS INTENDED TO ENCOMPASS THE INDIVIDUAL RATE PAYERS OF PUBLIC UTILITIES WHO DO NOT OWN STOCK IN OR OPERATE SUCH CORPORATIONS. FOR THESE REASONS, IT IS MY VIEW THAT CONSUMERS WHO MERELY USE PRODUCTS AND SERVICES PROVIDED BY COMPANIES REGULATED BY THE CORPORATION COMMISSION DO NOT FALL WITHIN THE REGULATORY PURVIEW OF 177 AS AMENDED BY S.B. 384, AND THUS WOULD BE ELIGIBLE TO MAKE CAMPAIGN CONTRIBUTIONS TO INDIVIDUAL COMMISSIONERS OUTSIDE THE ONE HUNDRED TWENTY (120) DAY WINDOW PERIOD AS PROVIDED BY THE ACT.
IN YOUR SECOND QUESTION YOU INQUIRE WHETHER A DISCLAIMER ON FUND RAISING MATERIAL, TO BE MAILED BY A CORPORATION COMMISSIONER, THAT PROVIDES A WARNING TO THOSE INDIVIDUALS WHO ARE SUBJECT TO REGULATION BY THE CORPORATION COMMISSION, OR WHO OWN STOCK IN BUSINESSES REGULATED BY THE COMMISSION, WOULD SATISFY THE 177 PROHIBITION AGAINST A CORPORATION COMMISSIONER "KNOWINGLY" ACCEPTING CAMPAIGN CONTRIBUTIONS IN VIOLATION OF THE ACT. THE ANSWER TO THIS QUESTION HINGES ON THE MEANING OF THE PHRASE "KNOWINGLY ACCEPT" US IT IS USED IN 177, AS AMENDED, AND UPON OTHER FACTS SURROUNDING EACH INDIVIDUAL CONTRIBUTION, WHICH CANNOT, OF COURSE, BE ANTICIPATED IN A LETTER OF THIS TYPE. TITLE 17 PROVIDES NO DEFINITION OF THE TERM "KNOWINGLY," AND THUS IT SHOULD BE INTERPRETED ACCORDING TO THE STANDARD AND ACCEPTED MEANING OF THAT TERM. IN HUTCHMAN V. STATE, 61 OKL. CR. 117, 66 P.2D 99, 102 (1937), THE COURT STATED THAT AN ACT COMMITTED "WILLFULLY" IS THE SAME AS KNOWINGLY COMMITTING AN ACT, AND THAT BOTH KNOWINGLY AND WILLFULLY CONVEY THE SAME MEANING. IN MORE RECENT DECISIONS, OTHER JURISDICTIONS HAVE RULED ON THE MEANING OF "KNOWINGLY". IN U.S. V. LOVEKNIT MFQ. CO., 90 F. SUPP. 679, 680 (D.C. TEX. 1950), THE COURT RULED THAT IN ITS ORDINARY USAGE THE WORD "KNOWINGLY", WHEN APPLIED TO AN ACT OR THING DONE, IMPORTS KNOWLEDGE OF THE ACT OR THING SO DONE, AS WELL AS AN EVIL INTENT OR A BAD PURPOSE IN DOING SUCH THING. THUS, AS THE FORGOING CASE LAW SUGGESTS, TO ACT "KNOWINGLY" MEANS TO ACT VOLUNTARILY AND PURPOSELY, AND NOT MERELY BECAUSE OF MISTAKE OR INADVERTENCE.
THEREFORE, YOUR SECOND INQUIRY CANNOT BE ANSWERED PURELY AS A MATTER OF LAW BECAUSE THE ANSWER WOULD HAVE TO BE DETERMINED BY THE SPECIFIC PHRASING AND EXTENT OF THE DISCLAIMER INVOLVED AND OTHER FACTS SURROUNDING EACH PARTICULAR CONTRIBUTION. HOWEVER, THERE CAN BE LITTLE QUESTION THAT THE USE OF AN APPROPRIATE DISCLAIMER WOULD PROVIDE SOME EVIDENCE OF THE CANDIDATE'S ENDEAVOR TO AVOID A VIOLATION OF 17 O.S. 177, AS AMENDED. THUS, IT WOULD APPEAR THAT THE USE OF A DISCLAIMER ON MAILOUT FUNDRAISING MATERIAL WOULD PROVIDE SOME EVIDENCE OF A CANDIDATE'S EFFORTS TO COMPLY WITH THE PROVISIONS OF 177, AS AMENDED, AND WOULD THUS VITIATE THE "KNOWINGLY" ELEMENT OF A 177 VIOLATION.
(ROBERT T. RALEY)